UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL DAWSON JR.,

      Plaintiff,

v.                                                                                  Case No. 25-cv-11700
                                                                    Honorable Linda V. Parker

36 DISTRICT COURT and
3RD CIRCUIT COURT,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

Plaintiff initiated this pro se action against Defendants on June 9, 2025, claiming violations of his civil rights. (ECF No. 1.) On the same date, he filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) The Court is granting Plaintiff's IFP application but is summarily dismissing his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Pursuant to § 1915(e)(2), district courts are required by statute to dismiss any action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set

forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint is subject to dismissal because Defendants are entitled to Eleventh Amendment immunity.

It is well-established that the Eleventh Amendment bars any suit, absent consent, against a State by its own citizens. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (observing that "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."). It also is well settled that the Eleventh Amendment bars federal court actions against State agencies and departments. *Pennhurst State*

2

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam )).  The Eleventh Amendment additionally bars claims against state employees in their official capacities because "a suit against a state officer in his or her official capacity is tantamount to a suit against the state itself." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).  Congress has not abrogated the Eleventh Amendment immunity of States with regard to suits under §§ 1983 or 1985.  See *Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) ("Section 1983 does not abrogate Eleventh Amendment immunity.").  Nor has the State of Michigan waived its immunity. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Under the Michigan Constitution, the judiciary is a separate and independent branch of state government and thus the district and circuit courts of the State of Michigan are arms of the State.  See *Judicial Attorneys Ass'n v. Mich.*, 586 N.W.2d 894, 897-98 (Mich. 1998); *Pucci v. Nineteenth District Ct.*, 628 F.3d 752, 762-63 (6th Cir. 2010).  Each state court is part of the "one court of justice" established by the Michigan Constitution.  Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and

serving in each house"); *see Smith v. Oakland Cnty. Cir. Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). In short, Eleventh Amendment immunity bars Plaintiff's claim(s) against Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**.

                                       s/ Linda V. Parker
                                       LINDA V. PARKER
                                       U.S. DISTRICT JUDGE

Dated: September 10, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 10, 2025, by electronic and/or U.S. First Class mail.

                                       s/Aaron Flanigan
                                       Case Manager